IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| NAACP FAYETTE- SOMERVILLE BRANCH, CHRISTINE WOODS, THOMAS GILMORE, VELISA FITZPATRICK, WILLIE LUELLEN, and MARANDY WILKERSON<br><br>*Plaintiffs*,<br><br>vs.<br><br>FAYETTE COUNTY, TENNESSEE, THE FAYETTE COUNTY BOARD OF COUNTY COMMISSIONERS, FAYETTE COUNTY ELECTION COMMISSION BOARD, and JOSHUA J. TAPP, in his official capacity as Fayette County Administrator of Elections,<br><br>*Defendants*. | No. 2:25-cv-02223-MSN-atc |

## **DEFENDANTS' MOTION TO STAY THE CASE**

Defendants Fayette County, Tennessee, The Fayette County Board of County Commissioners, Fayette County Election Commission Board, and Joshua J. Tapp, solely in his official capacity as Administrator of the Fayette County Election Commission Board, by and through undersigned counsel, hereby move the Court to temporarily stay all proceedings in this matter in light of the County's forthcoming redistricting process.[1] Fayette County, Tennessee would rely upon the below certificate of counsultation. The singular purpose of the County's

---

[1] Plaintiffs' complaint names the Fayette County Board of County Commissioners as a Defendant. However, the Fayette County Board of County Commissioners is not a separate entity, nor can it be sued in any capacity. Fayette County Election Commission Board and Joshua J. Tapp, solely in his official capacity as Administrator of the Fayette County Election Commission, do not waive the right to move for dismissal on any basis.

recently announced redistricting process is to reconsider and replace the map at issue in this litigation. In support of this Motion, Defendants state as follows:

## INTRODUCTION

This action, brought under Section 2 of the Voting Rights Act, challenges the County Commission's 2021 redistricting plan on the grounds that it allegedly dilutes the voting strength of Black voters in Fayette County. Defendants' position is that these allegations and characterizations are unfounded. Nonetheless, the County is currently reviewing and revising its redistricting plan through the democratic process, as publicly announced by the Mayor of Fayette County at the Board of County Commissioners' Meeting on April 22, 2025. Pursuant to proper resolution and vote of the Fayette County Commission, the Mayor was given the authority to reestablish a redistricting study committee for review of all issues as to the previous approved map and to report to the full Commission. *United States v. Fayette County*, No. 2:25-cv-2047, ECF No. 31, Ex. 1 ¶¶ 3–6 (W.D. Tenn. Apr. 23, 2025) (affidavit of Rhea Taylor). The Mayor was given the authority to promptly develop a reasonable and appropriate calendar to consider the approval of any recommended map by the full County Commission. *Id.* The Mayor shall consider, if a new map is adopted, to accomplish all matters by the next election cycle. The Mayor was also given approval for the employment of any third party to provide relevant information for the development and discussion of any map or redistricting concerns by any governing body. Given this development, judicial intervention at this stage is unnecessary, premature, and potentially disruptive to a good-faith legislative process already underway. Accordingly, and consistent with the stay issued on April 24, 2025 in *United States v. Fayette County*, No. 2:25-cv-2047, ECF No. 33, the Court should also stay these proceedings to allow the County to complete its ongoing redistricting process as the enactment of a new map will likely make this matter moot.

2

Indeed, the power and discretion to stay a case "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Here, a stay will not only conserve judicial resources, but will respect the legislative process and avoid unnecessary court involvement in the map drawing process.

## ARGUMENT

### A. Fayette County Is Engaged in a New Redistricting Process.

This Court should temporarily stay this matter because the redistricting process is already underway, and courts have the inherent power to stay proceedings while awaiting the outcome of another development that may have a substantial or dispositive effect. *See Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937).

On April 22, 2025, the Mayor of Fayette County publicly announced the County's intent to initiate a new redistricting process at the Board of County Commissioners Meeting. Taylor Aff. ¶¶ 3-6; *see also* Exhibit A (resolution for redistricting introduced by the Mayor). The Mayor of Fayette County first notified the public of this redistricting process in the Agenda for the Board of County Commissioners Meeting, which was published on April 17, 2025. The County Commission will consider new maps in the coming weeks. The passage of a new map would have the likely effect of mooting the issues at play in this litigation.

Importantly, steps toward redistricting are already underway**,** including administrative scheduling and consultation with outside counsel and experts, indicating that the County's redistricting efforts are both credible and imminent. This is not a speculative promise—it is a concrete action backed by political and institutional momentum and the undertaking of any and all necessary meeting and votes for Fayette County to speak to these issues.

Staying this litigation during the pendency of the County's redistricting process is not only consistent with judicial prudence, but it also aligned with well-established principles that give deference to local self-correction where a government body is actively working to resolve the disputed matter. Courts have routinely found it appropriate to stay adjudication when the alleged harm may soon be addressed through the ordinary course of legislative processes. *See S.C. State Conf. of the NAACP v. McMaster*, 572 F. Supp. 3d 215, 222 (citing *Growe v. Emison*, 507 U.S. 25, 34 (1993) ("[T]he court must defer its involvement in this matter to give state institutions a chance to act. . . . Emphasizing the importance of the state interest at issue, the Supreme Court has instructed that 'absent evidence that these state branches will fail timely to perform that duty, a federal court must neither affirmatively obstruct state reapportionment nor permit federal litigation to be used to impede it.'")).

Federal courts have also acknowledged that, in the districting context, judicial intervention is "not appropriate without allowing the state enough time to perform its duties." *Id.* Furthermore, "further factual development could help the court resolve the issues," *id.* (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 168-69 (2014)), and "[a]s redistricting continues in the Legislature, the court will benefit from a more developed record down the road when it must decide the weighty issues in this case." *S.C. State Conf. of the NAACP*, 572 F. Supp. 3d at 222.

By allowing the redistricting process to proceed without the pressure of concurrent federal litigation, the Court would support the orderly functioning of local government while avoiding the risk of rendering an advisory opinion on a soon-to-be-replaced map or expending judicial resources on a proceeding that could be mooted.

### B. A Stay Would Promote Judicial Economy and Respect for Legislative Processes.

If the County successfully adopts a new redistricting plan that complies with Section 2 of the Voting Rights Act, the core legal questions presented in this case will become moot or, at a minimum, substantially narrowed. A stay would avoid unnecessary litigation over a map that may soon be repealed or replaced—saving not only judicial resources but also the time and expense of the Parties and of taxpayer funds. *See Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936) (Court have inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants.").

As the U.S. Supreme Court has repeatedly emphasized, reapportionment is "primarily the duty and responsibility of the State," not the federal courts. *Growe v. Emison*, 507 U.S. 25, 34 (1993). Federal courts should not rush to impose remedies or review legislative maps while a political body is actively addressing its own deficiencies. To do so risks overstepping constitutional boundaries and discouraging voluntary compliance with federal law.

This principle is especially relevant where, as here, there is no imminent election and no threat to the voting rights of any particular class in the short term. Permitting the County to address the issue internally in the first instance affirms the balance of federalism and the judiciary's role as a backstop—not the first responder—in election law disputes. *See also Reynolds v. Sims*, 377 U.S. 533, 586 (1964) ("Legislative reapportionment is primarily a matter for legislative consideration and determination. . .").

### C. Plaintiffs Will Not Be Prejudiced by a Limited Stay.

Here, Plaintiffs seek solely prospective equitable relief, including declaratory and injunctive orders invalidating the 2021 County Commission Plan and requiring the adoption of a lawful redistricting plan. There is no request for retrospective relief and no pending election in

which the 2021 Plan is currently being implemented. Thus, a temporary stay will not deprive the Plaintiffs—or any voters—of an opportunity to participate in a fair election.

Moreover, the proposed stay is not open-ended. Defendants propose a stay of 150 days. Defendants are prepared to file status reports every 30 days from April 24, 2025, the date the Court issued a stay in *United States v. Fayette County*, No. 2:25-cv-2047, ECF No. 33, and/or immediately upon adoption of a new redistricting plan, ensuring that the Court retains oversight while allowing time for the County to act in good faith.

Staying this litigation now avoids unnecessary pretrial motions, discovery, and briefing on a plan that may no longer govern elections by the time this case is resolved. In the interest of judicial economy, intergovernmental comity, and the preservation of the Parties' resources, the most reasonable and measured path forward is a temporary stay.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court stay all proceedings in this matter pending the completion of Fayette County's 2025 redistricting process for up to 150 days; and order the Parties to file a joint status report every 30 days from April 24, 2025, and/or upon adoption of a new redistricting plan, whichever occurs first.

    Respectfully submitted,

    PENTECOST, GLENN & TILLY, PLLC

By: s/James I. Pentecost
    James I. Pentecost (#11640)
    Haynes T. Russell (#036923)
    Attorneys for Defendants
    162 Murray Guard Drive, Suite B
    Jackson, Tennessee 38305
    731-668-5995 (T)
    jpentecost@pgtfirm.com

                                Jason B. Torchinsky
                                *Admitted pro hac vice*
                                Attorney for Defendants
                                HOLTZMAN VOGEL BARAN
                                TORCHINSKY & JOSEFIAK, PLLC
                                2300 N Street NW
                                Suite 643
                                Washington, DC 20037
                                (202) 737-8808
                                jtorchinsky@holtzmanvogel.com

## CERTIFICATE OF CONSULTATION

     Pursuant to Local Rule 7.2(a)(1)(B), the undersigned certifies that defense counsel contacted Plaintiffs' counsel, regarding the relief sought in this motion and provided a copy of said Motion and supporting documentation. Plaintiffs consent to this Motion for the purpose of a temporary stay, but they reserve the right to move to lift any stay granted or amend their complaint should future circumstances change.

                            By:    s/James I. Pentecost
                                          James I. Pentecost

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document (Motion to Stay) was served via US District Court ECF system upon:

Bryce William Ashby
DONATI LAW FIRM, LLP
1545 Union Ave.
Memphis, TN 38104

Donald A. Donati
DONATI LAW FIRM, LLP
1545 Union Ave.
Memphis, TN 38104

Breanna Della Williams
NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.
40 Rector Street 5th Floor
New York, NY 10006

on or before the filing date thereof.

DATE: This the 2nd day of May, 2025.

By:   s/James I. Pentecost
      James I. Pentecost