

Advancing racial
justice since1940

June 24, 2025

*Sent via email*

Fayette County Board of County Commissioners
P.O. Box 218
13095 North Main Street
Somerville, TN 38068

Jason Torchinsky
Counsel for Fayette County
Holtzman Vogel Baran Torchinsky & Josefiak, PLLC
2300 North Street NW, Suite 643
Washington, DC 20037

**Re:    Support for Map 14 Orange B**

Dear Fayette County Board of County Commissioners:

The NAACP Fayette-Somerville Branch, Christine Woods, Thomas Gilmore, Velisa Fitzpatrick, Willie Luellen, and Marandy Wilkerson (collectively, "Plaintiffs") jointly submit this letter in support of Map "14 Orange B," which the Joint Budget Committee considered on June 17, 2025.[1]

As you know, on February 27, 2025, Plaintiffs filed a lawsuit challenging the Fayette County Board of Commissioner's nineteen-member 2021 ten-district plan ("2021 Plan"), alleging that the 2021 Plan dilutes Black voting strength in violation of the Voting Rights Act of 1965 ("VRA") and the U.S. Constitution.[2] Because Map 14 Orange B would likely resolve the pending lawsuit, we urge the County Commission to adopt and implement the Map for the 2026 Fayette County Commission elections.

Fayette County's current electoral map is illegal and unconstitutional. County elections are characterized by racially polarized voting insofar as Black and White voters overwhelmingly tend to support different candidates.[3] In recent elections, for example, Black voters have nearly unanimously supported one candidate, while large majorities of White voters have supported the opposing candidate.[4] Fayette County's Black population also suffers from a history of extensive racial discrimination in education, employment, housing and other areas, which makes it more difficult for Black voters to participate in the

---

[1] Joint Budget Committee Agenda, Tuesday, June 17, 2025 – 6:00 PM, Fayette County Joint Budget Committee, at pages 2-16, https://fayettetn.us/wp-content/uploads/2025/06/2025-6-17-Joint-Committee-Agenda-Packet.pdf [hereinafter "Map 14 Orange B"].

[2] *NAACP Fayette-Somerville Branch, et al. v. Fayette County, et al.*, 2:25-cv-02223-MSN-atc, Dkt. No. 1, Complaint, https://www.naacpldf.org/wp-content/uploads/FINAL-20250227_Fayette-County-TN-Redistricting-Complaint.pdf [hereafter "Complaint"].

[3] *Id.* at ¶¶ 6, 219-222.

[4] *Id.* at ¶¶ 7, 219-222.

40 Rector Street
5th Floor
New York, NY 10006

700 14th Street NW
Suite 600
Washington, DC 20005

260 Peachtree Street NW
Suite 2300
Atlanta, GA 30303

naacpldf.org
212-965-2200



electoral process than other voters.[5] Despite this history of racial discrimination and racially polarized voting, the County Commission drew an electoral map in a manner that denies Black voters an opportunity to elect the candidates of their choice in any of the districts. Black voters are 25% of the County's population and are geographically compact enough to form majorities in several reasonably configured districts that comply with traditional redistricting criteria. Yet the Commission drew a map that locked Black voters out of the electoral process.[6] Currently, none of the ten districts provides an opportunity for Black voters to elect their candidates of choice.[7] Predictably, none of the current nineteen Commissioners are Black people and none are the Black preferred candidate.[8] In light of these facts and other information relevant to the totality of the circumstances, Plaintiffs sued the County Commission alleging that its current map violates Section 2 of the Voting Rights Act and that the County Commission intentionally violated the constitutional rights of Black voters.[9]

Map 14 Orange B fixes these problems. Consistent with Plaintiffs' own analysis, Map 14 Orange B demonstrates that Fayette County's Black voting-age population is sufficiently numerous and geographically compact to form three single-member districts: one situated around the City of Somerville, one situated around the City of Moscow, and one situated around the Northern part of the County. These are communities of interest with longstanding relationships with one another based on shared socioeconomic, educational, and other concerns.

Because of racially polarized voting in Fayette County, remedying the alleged Section 2 and constitutional violations requires that the map include any new districts with a Black voting-age majority. Under Map 14 Orange B, the proposed Districts 2, 7, and 11 must have Black majorities of voters to provide Black voters with an equal opportunity to elect a candidate of choice. To determine whether Districts 2, 7, and 11 in Map 14 Orange B provide an opportunity to elect a candidate of choice, Plaintiffs asked an expert to conduct a "performance analysis" in Districts 2, 7, and 11 based on local election data and results from the 2014, 2018, and 2022 Fayette County elections and the 2020 presidential election. Under the proposed plan, Black voters in Districts 2, 7, and 11 were usually (but not always) able to elect candidates of their choice based on data from those four elections. This analysis also shows that districts with less than a majority Black voting-age population would not provide the opportunity for Black voters to elect candidates of choice.

Map 14 Orange B also reflects the input of community members across the County who participated in the 2021 and 2025 redistricting processes.[10] It balances traditional

---

[5] *Id.* at ¶¶ 127-226.
[6] *Id.* at ¶ 5.
[7] *Id.* at ¶ 5.
[8] *Id.* at ¶ 8.
[9] *Id.* at ¶¶ 127-226.
[10] *Id.* at ¶¶ 64-65, 71, 73, 79, 89, 91-92, 98, 108-11; *see also* the Redistricting Committee meetings on May 7 and 25, 2025, https://fayettetn.us/county-boards-councils/standing-committees/agendas/.

40 Rector Street
5th Floor
New York, NY 10006

700 14th Street NW
Suite 600
Washington, DC 20005

260 Peachtree Street NW
Suite 2300
Atlanta, GA 30303

naacpldf.org
212-965-2200



redistricting principles, including those articulated by the County Commission and the Fayette County Redistricting Committee as top priorities for this redistricting cycle, such as ensuring districts are compact and contiguous.[11] Map 14 Orange B remedies the 2021 Plan's splitting of communities by keeping core communities of interest together in Districts 2, 7, and 11.

For these reasons, Plaintiffs strongly and respectfully urge the County Commission to adopt Map 14 Orange B.[12] Adopting this Map will likely avoid additional costly, taxpayer-financed litigation and ensure that Fayette County's Black voters are provided with an equal opportunity to participate in the democratic process, as required by Section 2 of the Voting Rights Act. If you have any questions, please contact us through our attorneys.

Sincerely,

/s/ John S. Cusick
John S. Cusick
Brenda Wright
Breanna Williams
Allison Scharfstein
Leah Aden
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Fl.
New York, NY 10006
Tel: (212) 965-2200
Fax (202) 226-7592
jcusick@naacpldf.org

/s/ Donald A. Donati
Donald A. Donati (TN Bar No. 8633)
Bryce W. Ashby (TN Bar No. 26179)
Melissa J. Stewart (TN Bar. No. 40603)
DONATI LAW, PLLC
1545 Union Ave.
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
don@donatilaw.com

*Counsel for Plaintiffs*

---

[11] *See* Complaint, supra note 2, ¶¶ 55-56, 75; *NAACP Fayette-Somerville Branch, et al. v. Fayette County, et al.*, 2:25-cv-02223-MSN-atc, Dkt. No. 16-1 at 2.

[12] Other configurations may also satisfy Section 2 if they provide an opportunity for Black voters to elect their candidates of choice in at least three County Commission districts.

40 Rector Street     700 14th Street NW     260 Peachtree Street NW     naacpldf.org
5th Floor     Suite 600     Suite 2300     212-965-2200
New York, NY 10006     Washington, DC 20005     Atlanta, GA 30303